1
2
3
4
5
6
7
8    **UNITED STATES DISTRICT COURT**
9    **SOUTHERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| 11    ROSA PINEDA AGUILA, | Case No. 25-cv-01851-BAS-MSB |
| 12                          Plaintiff, | |
| 13         v. | **ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (ECF No. 2)** |
| 14    UNITED STATES MILITARY, | |
| 15                          Defendant. | |
| 16 | |

17         Plaintiff Rosa Pineda Aguila filed a complaint against the United States military

18    (ECF No. 1) and a motion to proceed in forma pauperis ("IFP") (ECF No. 2) on the same

19    day.

20         Under 28 U.S.C. § 1915, a litigant who because of indigency is unable to pay the

21    required fees or security to commence a legal action may petition the court to proceed

22    without making such payment.  The determination of indigency falls within the district

23    court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd*

24    *on other grounds*, 506 U.S. 194 (1993) (holding that "Section 1915 typically requires the

25    reviewing court to exercise its sound discretion in determining whether the affiant has

26    satisfied the statute's requirement of indigency").  It is well-settled that a party need not be

27    completely destitute to proceed IFP.  *Adkins v. E.I. DuPont de Nemours & Co*., 335 U.S.

28    331, 339–40 (1948).  To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of

25cv1851

poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Id*. at 339. At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984). Finally, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

Here, the Court concludes that there is insufficient information to determine whether Plaintiffs should be permitted to proceed IFP. Plaintiff lists that she has $0 in income, $0 expected income, no assets, and no monthly expenses. Plaintiff must have some way to pay for food and housing. Plaintiff's email address (rpineda002@student.sdccd.edu) also indicates that she is a student, and she has not indicated any way she has paid for school. Further, Plaintiff has indicated that she expects major changes to her monthly income or expenses or in her assets or liabilities during the next 12 months by checking "yes" in her AO 239 form. But, she has not provided additional information regarding why she expects major changes. Without further explanation, the current IFP motion (ECF No. 2) is insufficient. The motion is **DENIED WITHOUT PREJUDICE**.

If Plaintiff wishes to file an amended IFP motion, she must do so by **November 10, 2025**. Alternatively, Plaintiff may also pay the filing fee by **November 10, 2025**. If Plaintiff does not file an amended IFP motion or pay the filing fee by **November 10, 2025**, the Court shall direct the Clerk of Court to close the case.

**IT IS SO ORDERED.**

**DATED: October 20, 2025**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 2 -

25cv1851